IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAVIS CLAYTON,

    Plaintiff,

v.                                                                                                                            Civ. No. 14-791 MV/GBW

SHAWN FUNK, Warden,
SERGEANT FELICIA VOLDAH, and
the EDDY COUNTY DETENTION CENTER,

    Defendants.

## PROPOSED FINDINGS AND RECOMMEND DISPOSITION

This matter comes before the Court on Plaintiff's Motion for Leave to File an Amended Complaint. *See docs. 12, 15*. Having reviewed the matter, I recommend that the Court grant the motion.

Plaintiff's original Complaint contained three counts brought pursuant to 42 U.S.C. § 1983 against each named Defendant,[1] and one count brought pursuant to the New Mexico Tort Claims Act against all Defendants. *Doc. 1*. On October 17, 2014, Defendants filed a motion to dismiss. *Doc. 7*. A month later, while that motion was pending, Plaintiff's filed the instant motion.

Plaintiff is beyond the period during which he can amend his complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Therefore, the "decision to grant leave to

---

[1] However, it was unclear whether Defendant Funk and Defendant Voldah were being sued in their official or individual capacities or both.

1

amend a complaint . . . is within the trial court's discretion." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). Leave to amend shall be freely given "when justice so requires," but need not be given where amendment would be futile. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's motion seeks leave to file an amended complaint which: (1) abandons the claim against the Detention Center, (2) clarifies that Defendant Funk and Defendant Voldah are sued in both their individual and official capacities, (3) abandons one of his §1983 claims -- "Deliberate Indifference in Maintaining Sufficient Staff and Supervision to Prevent the Unconstitutional Conduct," and (4) modifies the language of his New Mexico Tort Claims Act claim for "Deprivation of Constitutional Rights Resulting in Severe Injury under State Law." *See doc. 12* & *doc. 12*, Ex. 1.

Defendants argue that the motion for leave to amend should be denied because the proposed amended complaint is futile. Their futility argument is primarily based on their understanding that, in Count III of the proposed Amended Complaint, "without ever acknowledging that he is even adding another Count, Plaintiff is seeking to add a claim under the NMTCA." *Doc. 15* at 4. Defendants contend that this claim is subject to dismissal because it is a claim for which there is no waiver of sovereign immunity. *Id*. at 4-6.

Defendants may be correct that the claim is subject to dismissal. However, Count III of the Amended Complaint, with a slight difference, is found in Count IV of

2

the original Complaint. The title and content of the Counts are identical with the exception of one sentence. In Count IV of original Complaint, the sentence reads:

> The Eddy County Detention Center by and through its employees and Warden Shawn Funk in his official capacity, deprived the Plaintiff of his New Mexico constitutional rights by the acts and conduct [sic] by failing to maintain sufficient supervision and control of inmates in the Eddy County Detention Center with such failure resulting in the severe, painful and permanent injuries, and emotional distress of this Plaintiff.

*Doc. 1*, ¶ 32. In Count III of the Amended Complaint, the sentence reads:

> By failing to maintain sufficient control and supervision of the inmates with such failure resulting in the severe painful and permanent injures [sic], and emotional distress of this Plaintiff, both Warden Funk and Sergeant Voldah in their individual and official capacities deprived the Plaintiff of his constitutional rights under the New Mexico Constitution and were negligent in their conduct.

*Doc. 12*, Ex. 1 ¶ 27.

Perhaps the new language adds Defendant Voldah to this claim in place of the Eddy County Detention Center, but the proposed claim against Defendant Funk is the same as that found in Count IV of the original Complaint. Unfortunately, Defendants did not address Count IV in their motion to dismiss. *See generally doc. 7*. Moreover, Defendants did not adequately present a "lack of waiver of immunity" argument in that motion as to Count IV, and instead mentioned it only in a one-sentence footnote related to Count II. *See doc. 7*, n. 4. I do not believe it appropriate to deny the amended

complaint on the basis of futility where the allegedly futile claim was already present and not previously targeted for dismissal.[2]

The other basis of Defendants' futility argument is the clarification in the proposed Amended Complaint regarding whether Defendants Funk and Voldah were sued in both individual and official capacities. Defendants' Motion to Dismiss proceeded on the reasonable assumption that Defendant Funk was sued in both capacities and Defendant Voldah was sued only in an individual capacity. *See doc. 15* at 3. In the proposed Amended Complaint, however, Plaintiff makes clear he is suing both persons in both capacities. Assuming Defendants' original assumption to be correct, the proposed Amended Complaint would add an official capacity claim against Defendant Voldah. Nevertheless, such an addition would merely add a redundant claim against the municipality of Eddy County. *See doc. 7* at 1, n.2 ("Finally, of course, a suit against an individual in their official capacity is simply redundant of a suit against the entity. '[A]n official capacity claim is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159 (1985)).

Defendants may be correct that Plaintiff's claims are subject to dismissal. However, if they are correct, the flaws were already present in the original Complaint. While the Amended Complaint does not specifically address the more substantive

---

[2] I recognize that the dismissal motion's prayer for relief seeks dismissal of the "entire Complaint." *Doc. 7* at 15. Implicitly then, they seek dismissal of Count IV. However, the body of the motion simply does not address or even recognize the existence of Count IV. *Id.* at 3 ("There are three Counts in the Complaint, all of which arise under Section 1983…")

arguments in Defendants' motion to dismiss, it does eliminate two obvious problems. As such, I recommend granting the motion for leave to amend. After the filing of the Amended Complaint, Defendants can supplement their motion to dismiss to expressly address Count III (Count IV in original complaint) and any other issues raised by the small modifications in the Amended Complaint.

    IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**