IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TRAVIS CLAYTON**,

        Plaintiff,

vs.

**SHAWN FUNK,** *et al.*,

        Defendants.

No. 14-CV-0791-MV-GBW

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' joint Motion to Dismiss Plaintiff's Amended Complaint Based on Qualified Immunity and Memorandum in Support Thereof [Doc. 20]. Plaintiff timely filed a Response [Doc. 23] and Defendants replied [Doc. 24]. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that the Defendants' Motion is well-taken and therefore will be **GRANTED.**

### BACKGROUND

Given the nature of the Motion before the Court, the facts articulated here are drawn exclusively from Plaintiff's Amended Complaint for Damages for Violation of Civil Rights [Doc. 18] and are assumed, for the purposes of this Memorandum Opinion and Order, to be true. On January 27, 2013, Sergeant Felicia Voldahl, a correctional officer at the Eddy County Detention Center, "took eight inmates, who were not trustees, out of their cells for the ostensible purpose of

1

'policing the area.'" Doc. 18 ¶ 5-6. Evidently, "Sergeant Voldahl was by herself with these inmates outside their cells when one or more of the inmates were [sic] allowed entry into the storage closet that contained a case of 99% alcohol hand cleaner." *Id.* ¶ 7. According to the Plaintiff, the sergeant "permitted these inmates to steal the hand cleaner" and ingest it, though he clarifies that he means that the sergeant was "unable, by herself, to prevent them from consuming the alcohol." *Id.* ¶ 8-9. The Plaintiff "believes and upon such information and belief alleges there had been previous incidences [sic] when inmates had gotten into the alcohol hand cleaner and had become intoxicated which was known" to the Defendants. *Id.* ¶ 12.

Apparently as a result of consuming the hand sanitizer, "some of the inmates got intoxicated." *Id.* ¶ 9. One of these inmates then "attacked and severely beat the Plaintiff." *Id.* In the Plaintiff's view, "Sergeant Voldahl could not secure the inmates to prevent the attack upon the Plaintiff" in part because there "were insufficient employees acting as guards in the facility at the time of the attack." *Id.* ¶ 10. Moreover, Plaintiff believes that Warden Shawn Funk was aware that "there was insufficient personnel in the jail at the time of the incident to maintain these inmates in a safe condition." *Id.* ¶ 14. As a result of this attack, "Plaintiff was rendered unconscious and was hospitalized for several days" due to "severe, painful and permanent injuries to his head, eye and face." *Id.* ¶ 16. Plaintiff now brings the instant action, arguing, broadly stated, that Sergeant Voldhal and Warden Funk violated his constitutional rights by permitting the circumstances in which the attack occurred to develop and not adequately protecting Plaintiff from violence.

## DISCUSSION

### I. Local Rule 7.1(a)

Defendants, in an apparent effort to comply with Local Rule 7.1(a), note in their Motion that "[d]ue to the nature of this Motion, it is presumed that this Motion is opposed." Doc. 20 at 1. Such an assumption is plainly not permitted by the Rule, which provides that, except in "*pro se* inmate cases," the "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-CIV.7.1(a). While the Court generally demands strict adherence to each of its Local Rules and is entitled to deny the instant Motion "summarily," given the permissive nature of the rule and the circumstances of this case, the Court will reach the merits of the Motion.

### II. Motion to Dismiss

On a motion to dismiss for failure to state claim, this Court asks "whether the factual allegations in the complaint, if accepted as true, allege a plausible claim for relief." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n.*, 771 F.3d 1230, 1236 (10th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). That is, the "court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial" but to determine whether the pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135-56 (10th Cir. 2014) (internal quotation marks and citations

omitted). Hence, the Court "must view the facts presented in the pleadings and draw the inferences therefrom in the light most favorable to the nonmoving party." *Mata*, 760 F. Supp. 2d at 1083.

### III. Municipal Liability Claims

As an initial matter, the Court must dismiss the "official capacity" claims against both Defendants. It is by now beyond dispute that a "§ 1983 action appropriately is pleaded against a municipality either by naming the municipality itself or by naming a municipal official in his or her official capacity," such that the "official capacity" claims against Defendants are, in reality, directed at the municipality. *Vondrak v. City of Las Cruces*, No. CIV–05–0172 JB/LFG, 2009 WL 1300945, at * 2 (D.N.M. Mar. 30, 2009) (internal quotation marks omitted). *See also Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 n. 2 (10th Cir.1998) (suits against a municipal officer acting in his official capacity are treated the same as those against a municipality). Of course, it is similarly settled that a municipality "can only be liable for the actions of [an employee] if it had a custom, practice, or policy that encouraged or condoned the unconstitutional behavior." *Kramer v. Wasatch Cty. Sheriff's Office*, 743 F.3d 726, 758 (10th Cir. 2014). However, "local governments are responsible only for their ***own*** illegal acts" and, therefore, a plaintiff "must prove that action pursuant to official municipal policy caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis original, internal quotation marks omitted). This requires that a plaintiff demonstrate both "causation and state of mind," which, in turn, requires "a direct

4

causal link between the municipal action and the deprivation of federal rights," and "deliberate indifference to its known or obvious consequences." *Kramer*, 743 F.3d at 759 (internal quotation marks omitted).

Nothing in Plaintiff's Complaint alleges anything that would imply that a governmental policy, official or not, caused his injury. The allegations that come closest are those in which Plaintiff claims that Defendants knew that there "were insufficient employees acting as guards in the facility at the time of the attack" and that "there had been previous instances" in which inmates had consumed hand sanitizer for its alcohol content. Doc. 18 ¶¶ 10, 12, 14. While these allegations may indicate that Defendants acted negligently, even construed in the light most favorable to Plaintiff, they do not describe the sort of county "custom, practice, or policy," nor a "deliberate indifference" to Defendants' allegedly improper conduct that would give rise to municipal liability in this case. *Kramer*, 743 F.3d at 759. Accordingly, the "official capacity" claims against Defendants must be dismissed.

**IV.    Count I:  Failure to Protect Plaintiff**

For the purposes of Section 1983 claims, the "Eighth Amendment's prohibition against cruel and unusual punishment [] encompasses deliberate indifference by prison officials." *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir. 2008). *See also Peña v. Greffet,* -- F. Supp. 3d --, 2015 WL 3540060, at *13 (D.N.M. 2015) ("When a prisoner is incarcerated after being indicted, the Eighth Amendment protects him from a prison official's 'deliberate indifference' to a substantial risk of serious harm, as well as the intentional use of excessive force.")

5

(internal quotation marks omitted).  That is, the Eight Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  A "failure to meet this duty violates the Eighth Amendment only when two requirements are met." *Howard*, 534 F.3d at 1236.  First, the conditions of the prisoner's incarceration must "present an objective substantial risk of serious harm." *Id.* (internal quotation marks omitted).  To be sufficiently serious, an injury must "equate[] to the denial of the minimal civilized measure of life's necessities." *Peña*, at *13.

Second, the plaintiff must demonstrate that "prison officials had subjective knowledge of the risk of harm." *Howard*, 534 F.3d at 1236.  To meet the second prong, the prison officials must have been "deliberately indifferent" to the safety of the plaintiff. *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006).  "Mere negligence does not constitute deliberate indifference; deliberate indifference is equivalent to recklessness in this context." *Id.*  Hence, a "prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Here, the Court finds that Plaintiff has not stated a claim.  Even drawing every inference in Plaintiff's favor from the facts that he has articulated, the Court does not believe that it is plausible that either Defendant acted with deliberate indifference.  The mere facts that a storage closet contained alcohol that Plaintiff "believes" prisoners had consumed on prior occasions and that one guard supervised

6

eight prisoners is plainly insufficient to imply the degree of recklessness required by Tenth Circuit precedent.

The Court reaches this conclusion for several reasons. First, although Plaintiff "believes" that other inmates had consumed hand sanitizer in the past, there is no reason to believe that either Defendant knew or should have known that the storage room was unlocked, nor that it contained hand sanitizer. Moreover, even if either Defendant were aware that the hand sanitizer was accessible to the inmates, it does not follow that the presence of a common and useful sanitation substance qualifies as an unreasonable risk. Second, Plaintiff alleges no facts that would imply that Sergeant Voldahl was deliberately indifferent in allowing Plaintiff to be in the presence of other inmates. That is, there is no evidence of any prior threats against Defendant or that he was a member of a class that is prone to victimization in prison. Finally, it is worth noting that given the facts described by Plaintiff, Sergeant Voldahl was, presumptively, at as much risk of physical assault as Plaintiff; the Court finds it exceedingly unlikely that Defendant Voldahl perceived such a risk and disregarded it or recklessly ignored it. At most, this conduct amounts to "mere negligence," not actionable in an Eight Amendment claim brought pursuant to Section 1983.

## V.   Count II: Substantive Due Process Claims

The Court will dismiss Plaintiff's Section 1983 claims predicated on the substantive component of the Due Process Clause of the Fourteenth Amendment. It is now undisputed that where a "specific constitutional amendment provides an

7

explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, courts should analyze all constitutional claims under that amendment's standards rather than under the more generalized notion of 'substantive due process." *Peña*, at *14 (internal quotation marks omitted). *See also United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").

In the instant case, the Court perceives nothing in Plaintiff's general allegation that the "conduct of the Defendant as described herein in [sic] shocking to the conscious [sic] and violated the Plaintiff's substantive due process rights" that would fall outside of the more specific Eight Amendment claim discussed above. Doc. 18 ¶ 24. To the contrary, the argument Plaintiff offers in his Response makes clear that his substantive due process claim focuses on the Defendants' duty to protect the Plaintiff. *See* Doc. 23 at 7. While the substantive component of the due process clause may impose such a duty on state officials in other contexts, it is apparent that in the case of prisoners in the custody of state or local officials, the specific mandate of the Eighth Amendment trumps the general requirement of the Fourteenth. Therefore, the claim for relief under the due process clause is properly subsumed in the claims dismissed above and the Court will dismiss Plaintiff's claims arising under the substantive due process clause.

## VI. Count III: New Mexico Tort Claims Act Claims

Plaintiff has also pled claims arising from the New Mexico Tort Claims Act. As each of these remaining causes of action is a creature entirely of New Mexico statutory law, the Court is permitted to dismiss these counts in favor of permitting their prosecution in state court. *See* 28 U.S.C. § 1367(c)(3). Here, the Court will accede to the Tenth Circuit's request that the district courts "should decline the exercise of jurisdiction by dismissing the case without prejudice" where all federal law claims are dismissed before trial. *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010). That is, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (internal quotation marks omitted). The Court perceives no circumstances in this case that counsel it to reject the ordinary rule in this circuit and exercise jurisdiction over an action now predicated entirely on state law; therefore, the Court will dismiss the claims arising under the New Mexico Tort Claims Act without prejudice in order to permit Plaintiff to pursue them in the courts of New Mexico if he is so inclined.


## CONCLUSION

Based on the foregoing analysis, the Court will dismiss Counts I and II of the Amended Complaint with prejudice and will dismiss Count III without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' joint Motion to Dismiss Plaintiff's Amended Complaint Based on Qualified Immunity and Memorandum in Support Thereof [Doc. 20] is **GRANTED.**

Dated this 27th day of January, 2016.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE

Dick A. Blenden
**Blenden Law Firm**
Carlsbad, New Mexico
*Attorney for Plaintiff*

Jonlyn M. Martínez
**Law Office of Jonlyn M. Martínez, LLC**
Albuquerque, New Meixco
*Attorney for Defendants*